[723 NYS2d 298]

In the Matter of EDWARD M. SCHATZ, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 21, 2001

### APPEARANCES OF COUNSEL

*Daniel A. Drake,* Rochester, for petitioner.

*Richard T. Sullivan,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 9, 1992, and formerly maintained an office for the practice of law in Buffalo. The Grievance Committee filed a pe-

tition charging respondent with acts of professional misconduct arising from his use and maintenance of his attorney trust account. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm and respondent cross-moves to disaffirm.

The Referee found that respondent deposited into his attorney trust account funds that he accepted as retainers and that he allowed earned legal fees to accumulate in the account. Additionally, the Referee found that, although respondent did not use clients' funds for personal purposes, he issued checks drawn on the trust account for personal and business expenses and made payable to cash or to himself.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling clients' funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain clients' funds in a special account separate from his business or personal accounts;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash rather than to a named payee.

In mitigation, we note the Referee's findings that respondent did not convert or misappropriate clients' funds, that he was candid and that he expressed remorse. Accordingly, we conclude that respondent should be censured.

GREEN, J. P., PINE, HAYES, HURLBUTT and SCUDDER, JJ., concur.

Order of censure entered.